# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TASHA M. PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:10-cv-173 |
| | ) |
| O'REILLY AUTOMOTIVE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a joint motion by the parties seeking approval of a proposed stipulated protective order. (Docket # 33.) Because the proposed order, which extends beyond the discovery phase of the proceedings, is overly broad, it will be DENIED.

More particularly, the order's definition of "Confidential Information" is impermissibly broad. It seeks to protect, among other things, all of Plaintiff's cell phone communications, emails, and text messages; and Defendant's "non-public" corporate financial information. (Proposed Stipulated Protective Order ¶ 1.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). "The moving party establishes good cause by showing that disclosure will work a clearly defined and serious injury." *Ezell v. Potter*, No. 2:01 CV 637, 2006 WL 1094558, at *1 (N.D. Ind. Mar. 16, 2006) (citation and internal quotation marks omitted). That is, "the burden [falls] on the party seeking the protective order to show some plainly adequate reason for its issuance." *Hodgdon v. Nw. Univ.*, 245 F.R.D. 337, 341 (N.D. Ill. 2007) (citing *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994); 8 C. WRIGHT & A.

MILLER, FEDERAL PRACTICE AND PROCEDURE § 2035, p. 265 (1970)). "Courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause." *Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981); 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2035, p. 265 (1970)).

Here, Peterson has not explained why the disclosure of her cell phone communications, emails, or text messages "will work a clearly defined and serious injury." *Ezell*, 2006 WL 1094558, at *1. Of course, "[g]eneralized claims of embarrassment do not establish good cause"; rather, "embarrassment must be substantial to rise to the level of good cause." *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2005 WL 3177880, at *3 (N.D. Ill. Jan. 19, 2005).

Furthermore, "what happens in the federal courts 'is presumptively open to public scrutiny.'" *Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. Oct. 31, 2005) (quoting *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992)); *see Cincinnati Insurance*, 178 F.3d at 945 ("The judge is the primary representative of the public interest in the judicial process . . . ."); *O'Malley v. Vill. of Oak Brook*, No. 07 C 1679, 2008 WL 344507, at *1 (N.D. Ill. Feb. 6, 2008) (explaining that the court "must balance concern about . . . privacy interests against the principle that the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding") (citation and internal quotation marks omitted)). "[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002); *Smith*, 2005 WL 3215572, at *1.

Moreover, this is not a case where the proposed order is limited to the discovery phase of proceedings with the parties agreeing to file Confidential Information under seal only with further leave of Court upon a showing of good cause. *See generally O'Malley*, No. 07 C 1679, 2008 WL 345607, at *2 ("[T]he vast majority of information produced during the discovery process is never used at trial and has no impact whatsoever on the court's decision-making process."). Rather, here the proposed order extends beyond the discovery phase, enabling the parties to file Confidential Information under seal without further leave of Court. (Proposed Stipulated Protective Order ¶ 5.)

Finally, with respect to Defendant's request to seal its non-public corporate financial information, the term "'[n]on-public' is too vague." *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001).

> If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Id.* For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* Just because Defendant does not generally release certain information to the public, does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others.

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But

such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003). The parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties. (Docket # 33.)

SO ORDERED.

Enter for this 4th day of February, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge